T. D. WALLER v. J. M. SIKES, Clerk of the Superior Court of Granville County.

*Contempt—Clerk of Superior Court—County Commissioners— Appointment—Jurisdiction of the Judge of the Superior Court.*

Section 5 of Chapter 135, Acts of 1895, authorizing the presiding or resident Judge of the Superior Court to appoint additional County Commissioners on its being certified to him by the Clerk of the court that the petition for such appointment was properly signed, did not, like Section 7 of Ch. 159, Acts of 1895, confer upon the Judge any unusual power to proceed by a rule in the first instance to compel the clerk to act, *mandamus* being the proper remedy.

On the 5th day of December, 1896, T. D. Waller, an elector and taxpayer of Granville county, made and filed the following affidavit before *Graham, J.*, at OXFORD, N. C.:

"T. D. Waller, being duly sworn, alleges and says: That according to Chapter 135 of the Acts of 1895 (Section 5), providing the way in which two additional county commissioners may be appointed, he, with others, went before J. M. Sikes, Clerk of the Superior Court of Granville county, with the necessary papers drawn according to law; and that the said Sikes thereupon refused to accept the affidavit, whereupon a rule was issued by your Honor, and made conclusive, compelling him, the said Sikes, to accept said affidavit. That then the said Sikes still refused to certify the papers as he was required by law to do, giving as a reason that he had no way of knowing that the sign-

ers are freeholders. That thereupon the said Waller produced to him a certified copy of the tax books, which showed 100 of the signers of said petition freeholders, as is required by law. That thereupon the said Sikes refused to certify said papers, as was required by law, whereupon the said Waller and others offered to produce to him (the said Sikes) the original tax books, that he might examine said tax books, and see for himself that 100 of said signers were freeholders. That the said Sikes refused to accept evidence or inform himself of the fact that these men are freeholders, and still refuses to certify the papers, to the end that the two additional commissioners may be appointed: wherefore the affiant prays your Honor that a rule may issue against the said Sikes to show cause why he should not perform his duty in this matter.

"T. D. WALLER.

"Sworn to and subscribed to before me, this 5th of December, 1896.

"S. V. ELLIS, J. P."

Upon reading and considering the foregoing affidavit of T. D. Waller, his Honor, A. W. Graham, resident in the Fifth Judicial District, made and issued an order or rule upon J. M. Sikes, Clerk of the Superior Court of Granville county, to show cause why he should not discharge his duty, and make said certificate. Said rule was made returnable at the office of the register of deeds in the courthouse in Oxford on December 5, 1896, at 8 o'clock P. M. (said order or rule cannot be found), at which time and place said Sikes appeared in person and by attorney, and moved for time to file an answer, upon which motion said cause was continued until 9 P. M., at which time said Sikes again appeared, and filed the following answer:

"To the Hon. A. W. Graham, Judge, &c.: In answer to

the rule this day served upon me, I beg leave to certify to
your Honor that as no evidence sufficient to satisfy me has
been offered to me by the petitioners, who requested your
Honor to appoint two honest and discreet citizens of Gran-
ville county commissioners of said county, in addition to
the three county commissioners who were duly elected to
said office by the people of said county, on the 3d day of
November last, that two hundred of said petitioners are
electors of said county, and that one hundred of them are
freeholders, I therefore respectfully certify to your Honor
that two hundred electors of said county did not sign said
petition, nor are one hundred of them who did sign said
petiton freeholders.    This December 5th, 1896.    J. M.
Sikes, Clerk Superior Court of Granville county."

Which said answer of J. M. Sikes to said rule was ad-
judged insufficient; and it was thereupon ordered by the
court that the registration books for said county, together
with the tax books of said county, be brought into court,
whereupon the said tax books were produced, and all the
registration books, except those for the two precincts of
Bell Town and Geneva, the said Clerk of said court, the
lawful custodian of said books, alleging that the registrars
for said two precincts had failed to return said books; and
S. V. Ellis, deputy register of deeds, Thomas D. Waller,
and others being sworn, the court proceeded, in the pres-
ence of said Clerk, to compare the said petition with said
registration books, when it was ascertained that all of the
petitioners, except those who reside in the said precincts of
Bell Town and Geneva, are electors in said county; and it
appearing from said tax books and from oral testimony, in
the presence of the court and of said J. M. Sikes, Clerk as
aforesaid, that one hundred and eleven of said petitioners
are freeholders in said county, it was thereupon ordered
that said Waller and the petitioners be allowed to amend

120—30

the petition by the addition of the names of other electors of said county to supply the places of those who reside in the precincts of Bell Town and Geneva, the registration books of which were alleged by said Sikes not to be in his office, and said cause was continued until 8:30 o'clock A. M., December 7, 1896, at which time and place, all the parties being present, the hearing of the matter was continued; and it was shown that more electors had signed said petition than those stated in said petition from Bell Town and Geneva precincts, and, upon the tax books of said county being produced, it was shown that these additional names, together with those first signing the petition, made more than two hundred electors, one hundred of whom were freeholders who signed said petition; whereupon the court found as a fact that more than two hundred (200) electors of said county of Granville, of whom more than one hundred (100) were freeholders in said county, had signed said petition; whereupon the court made the following order, directing the clerk to certify forthwith:

"State of North Carolina, Granville county. Superior Court, December 7, 1896. T. D. Waller *v.* J. M. Sikes.

"Order. In the above entitled proceeding, T. D. Waller having filed with the court on December 5, 1896, an affidavit setting forth that he and four other electors of the county of Granville had filed with J. M. Sikes, Clerk of the Superior Court of said county, an affidavit to the effect that they verily believed that the business of Granville county would be improperly managed if left entirely in the hands of the three commissioners of said county elected at the general election held on the 3d day of November, 1896; and that thereupon more than two hundred electors of said county (one hundred or more of whom are freeholders) have petitioned the court to appoint two additional commissioners for said county, as provided by Chapter 135 of

the laws of 1895; and that said J. M. Sikes, Clerk, as aforesaid, failed and refused to certify that one hundred of said petitioners are freeholders, as required to do by said Statute; and the rule having been served upon said Sikes to show cause why he should not discharge his duty and make said certificate—said rule was made returnable at the office of the register of deeds in the courthouse in Oxford on December 5, 1896, at 8 o'clock P. M., at which time and place said Sikes appeared in person and by attorney, and moved for time to file an answer. Said cause was then continued until 9 P. M., at which time said Sikes again appeared, and filed an answer, which was adjudged to be insufficient; and it was thereupon ordered that the registration books for said county, together with the tax books of said county, be brought into court, whereupon the tax books were produced, and all the registration books, except those from the precincts of Bell Town and Geneva, the Clerk of said court, the lawful custodian of said books, alleging that the registers for said precincts. had failed to return said books; and, S. V. Ellis, deputy register of deeds, Thomas D. Waller, and others being sworn, the court proceeded to compare the said petition with said registration books, when it was ascertained that all of the petitioners (except those who reside in the precincts of Bell Town and Geneva) are electors in said county; and, it appearing from said tax books and from oral testimony that one hundred and eleven of said petitioners are freeholders in said county, it is therefore ordered that said Waller and the petitioners be allowed to amend the petition by the addition of the names of other electors of said county to supply the places of those who reside in the precincts of Bell Town and Geneva, the books of which precincts are alleged by said Sikes not to be in his office, and said cause was continued until half past 8 o'clock A. M.,

December 7, 1896, at which time and place, all parties being present, the hearing cf the matter was continued, and it was shown that more electors had signed said petition than those stated in said petition from Bell Town and Geneva precincts. .The court doth find as a fact that more than two hundred electors of said county, of whom more than one hundred are freeholders in said county, have signed said petition. It is therefore ordered that said James M. Sikes,. Clerk cf the Superior Court of Granville county, do forthwith certify to said one hundred persons being freeholders, and return said petiton and all the papers in the cause to said court at once. This December 7, 1896.

(Signed)                    "A. W. GRAHAM,
"Judge of Superior Court, Resident in the Fifth Judicial
    District."

'The defendant refused to obey said order and, upon being adjudged by the court in contempt, appealed.

*Messrs. Winston, Fuller & Biggs*, for plaintiff.

*Messrs. Edwards & Royster* and *J. B. Batchelor*, for defendant (appellant).

MONTGOMERY, J.: His Honor undoubtedly proceeded under the view that he had, under the provisions of Section 5, Chapter 135, of the Acts of 1895, such a general supervisory power over the cierks as was conferred upon the Judges of the Supreme and Superior Courts in Section 7, of Chapter 159, of the Acts of 1895. This was a mistaken view of his power. Section 7 of the Election Law of 1895 not only gave to the judges a general supervisory control over the clerks, but it prescribed all the machinery necessary for compelling them to perform their duties. A rule might issue, in the first instance, upon the judge's own

motion cr upon the affidavit of an elector, to be followed by other rules from time to time as the occasion might require. Section 5, of Chapter 135, of the Acts of 1895, authorized the judge presiding in the district or the resident judge to appoint two additional County Commissioners upon its being certified to him by the clerk of the court that the petition was properly signed, but it did not confer upon the judge any unusual power, any power to proceed by a rule in the first instance to compel the clerk to act. The present proceeding should have been commenced by *mandamus*, and the clerk's conduct (which it seems was arbitrary and contumacious) inquired into in the regular way. It was commenced upon affidavit and rule, and ought to have been dismissed upon the motion of the defendant. We do not pass upon the power of the judge where the clerk refuses to act in cases like the one before us, to find the facts and to appoint the commissioners when the petition is properly signed. The matter of contempt is the only matter before us, and we are of the opinion that there was error in the judgment and that the same ought to be reversed.

Reversed.